IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CV-00224-FL

| | |
|---|---|
| OZIE L. HALL, individually and official capacity; ANDERSON CREEK CLUB CHARTER SCHOOL INC., </br></br>Plaintiffs, </br></br>v. </br></br>DAVID N. LEVINSON; STEVEN J. SHOTZ; MARILYN LEVINSON; JOHN WERDERMAN; ANDY BARR; ANN STEIN; all in individual and official capacities; ANDERSON CREEK CLUB CHARTER SCHOOL, INC.; ANDERSON CREEK CLUB ENRICHMENT SCHOOL, INC., ANDERSON CREEK, INC.; ANDERSON CREEK PARTNERS, L.P.; D.S. FINANCE, L.L.C.; ANDERSON CREEK DEVELOPERS, L.L.C., </br></br>Defendants. | ORDER |

This matter is before the court on plaintiffs' motion to remand and motion for sanctions, pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 11. (DE 23). The issues raised have been fully briefed and, in this posture, are ripe for ruling. For the following reasons, plaintiffs' motion is granted and this case is remanded to Harnett County Superior Court.

**BACKGROUND**

On June 16, 2016, plaintiffs commenced this action against defendants David Levinson ("Levinson"); Steven Shotz; Marilyn Levinson; John Werderman; Andy Barr; Ann Stein ("Stein");

Anderson Creek Club Charter School, Inc. ("ACCCS"); Anderson Creek Club Enrichment School, Inc. ("ACCES"); Anderson Creek Partners, L.P.; D.S. Finance L.L.C.; Anderson Creek Developers, L.L.C.; and Kerry Agnello ("Agnello"), in Harnett County Superior Court.[1] (DE 1-3). In their original complaint, plaintiffs asserted thirteen state law claims against defendants, all arising from the alleged mismanagement and unlawful operation of ACCCS.

On July 14, 2016, defendants Stein and Agnello filed separate motions to extend the time within which to respond to plaintiffs' complaint and discovery requests. (DE 1-5). The Harnett County Superior Court granted those motions on July 15, 2016. (Id.).

On August 11, 2016, defendants Stein and Agnello filed notice of removal in this court purporting to invoke federal question jurisdiction. (DE 1). Defendants Stein and Agnello contend that this court has federal question jurisdiction under 28 U.S.C. § 1331, where two of plaintiffs' claims are based, at least in part, on the alleged violation of the Federal Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.[2] On August 19, 2016, plaintiffs filed the instant motion to remand and motion for Rule 11 sanctions. (DE 23). While plaintiffs voluntarily abandon their motion for Rule 11 sanctions in their opposition statement, they nevertheless maintain that this court lacks removal jurisdiction and that removal is procedurally improper.

Before plaintiffs' motion was submitted to this court, defendants filed two separate motions to dismiss. (DE 29, 31). On September 20, 2016 the court stayed further action in this matter pending resolution of these motions. On October 13, 2016, plaintiffs filed an amended complaint

---

[1] Defendant Agnello was not listed as a party in the caption of plaintiffs' complaint, but she was named as a defendant throughout the filing, (Compl. ¶ 18), and was served with process. (DE 1-1).

[2] Plaintiffs' complaint refers to this law as the "Federal Educational Right to Privacy Act." (Compl. ¶¶ 118–24).

2

in this court pursuant to Federal Rule of Civil Procedure Rule 15(a)(1)(B).[3] The amended complaint reasserts state law claims and allegations of the original complaint, but removes all references to FERPA, the purported basis for this court's removal jurisdiction, as specifically related to plaintiffs' conspiracy and breach of contract claims.

**STATEMENT OF FACTS**

As pertinent to the instant motion, the facts alleged in plaintiffs' amended complaint may be summarized as follows. ACCCS is a public charter school in North Carolina. (Am. Compl. ¶ 48). Defendant Levinson is Chairman of the board of ACCCS, and controls multiple other corporations and business entities, including defendants ACCES, Anderson Creek, Inc., Anderson Creek Partners, L.P., Anderson Creek Developers, L.L.C., and D.S. Finance, L.L.C. (Id. ¶ 7). In 2014, plaintiff Ozie L. Hall ("Hall") was appointed to serve as School Administrator of ACCCS. (Id. ¶ 50). Plaintiff Hall signed an alleged employment agreement with ACCCS in July 2015. (Id. ¶ 62).

Around March 2016, plaintiff learned about various instances of misconduct on the part of ACCCS board members. (Id. ¶¶ 70–76, 78–79). Concerned that such misconduct would jeopardize the school's charter status, plaintiff Hall spoke with defendant Levinson and encouraged him to comply with charter school rules and regulations. (Id. ¶ 89). Defendant Levinson rejected plaintiff Hall's suggestion and continued engaging in alleged misconduct. (Id. ¶ 89).

On May 2, 2016, plaintiff Hall filed a written grievance with the board pursuant to ACCCS's corporate by-laws, seeking to have defendant Levinson removed from the board for his alleged

---

[3]The amended complaint is now the operative complaint, where plaintiff was served with defendants' motions to dismiss on September 20, 2016, 21 days from October 13, 2016. However, since the amended complaint was filed after removal, the original complaint controls in determining the propriety of removal. See Pinney v. Nokia, Inc., 402 F.3d 430, 443 (4th Cir. 2005).

misconduct. (Id. ¶ 80). Shortly thereafter, defendants terminated plaintiff Hall's employment with ACCCS for cause. (Id. ¶ 82).

**DISCUSSION**

A defendant may remove a civil action from state to federal court if the action is within the scope of the federal courts' original jurisdiction. 28 U.S.C. § 1441(a). To properly remove a case, the defendant must file a notice of removal in the district court within thirty days of receipt of a copy of the initial pleading setting forth the claim for relief in the action. Id. § 1446(b). The defendant must also file a copy of the notice of removal in state court. Id. § 1446(d). At any time prior to final judgment, plaintiff may move to remand the case on the basis of lack of subject matter jurisdiction. Id. § 1447(c).

"Because removal jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). This presumption against removal jurisdiction places the "burden of establishing federal jurisdiction . . . upon the party seeking removal." Id.

Defendants' removal purports to invoke this court's federal question jurisdiction, on the basis that two claims in plaintiffs' original complaint require interpretation of FERPA. To determine whether a case "arises under" federal law, ordinarily courts look only to the plaintiff's "well-pleaded complaint," "unaided by anything alleged" by the defendant. Taylor v. Anderson, 234 U.S. 74, 75-76 (1914). Since removal is only available to cases that are within the scope of the federal courts' original jurisdiction, 28 U.S.C. § 1441(b), questions regarding "removal jurisdiction must also be

4

determined by reference to the well-pleaded complaint." Merrell Dow Pharm., Inc., v. Thompson, 478 U.S. 804, 808 (1986).

A case undoubtedly arises under federal law "when federal law creates the cause of action asserted." Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013) (citing American Wells Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)). A case may also arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Merrell Dow, 478 U.S. at 808 (internal quotations omitted). Accordingly, where federal law does not create a cause of action, a court may still have federal question jurisdiction over a state law claim where a federal issue involved is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 133 S.Ct. at 1065 (citing Grable & Sons Metal Prod., Inc., v. Darue Eng'g & Mfg., 545 U.S. 308, 313–314 (2005)). Furthermore, a "claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (internal citations omitted). If "even one theory [exists] that does not call for an interpretation of federal law, [a plaintiff's] claim does not arise under federal law for purposes of § 1331." Id. at 817. (internal quotations omitted).

This court is without federal question jurisdiction to hear plaintiffs' claims. When, as here, a complaint is amended after removal, the court looks to the "original complaint[] rather than the amended complaint[] in determining whether removal is proper." Pinney v. Nokia, Inc., 402 F.3d 430, 443 (4th Cir. 2005) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).

As the original complaint reflects, plaintiffs' claims arise only under state law. It is well-established that FERPA does not create an cause of action. See e.g., Gonzaga Univ. v. Doe, 536

5

U.S. 273, (2002).  Additionally, vindication of plaintiffs' claims does not necessarily depend on a question of federal law.  While FERPA is potentially relevant to the resolution of plaintiffs' original civil conspiracy and breach of contract claims, adjudication of these claims does not require interpreting FERPA.  Rather, the alleged violation of FERPA is just one of several theories advanced to support both plaintiffs' civil conspiracy and breach of contract claim.

As one example, in their original complaint, plaintiffs alleged that defendants "engaged in an unlawful conspiracy . . . to enrich themselves . . . and unlawfully operat[e] [ACCCS]." (Compl. ¶ 257).  Plaintiffs further alleged that defendants conspired to unlawfully operate ACCCS by "diverting and converting public school funds to their private use and benefit, violating the terms of the Charter, violating [FERPA], [and] unlawfully terminating [p]laintiff Hall."  (Id.).  While the alleged violation of FERPA is one basis for plaintiffs' conspiracy claim, other bases exist that do not require interpretation of federal law.  The same is true for plaintiffs' original breach of contract claim.  For this reason, these claims do not "arise under federal law for purposes of § 1331." Dixon, 369 F.3d at 817.  Because plaintiffs' claims do not arise under federal law, this court lacks subject matter jurisdiction over the original complaint.

Defendants argue that because North Carolina does not recognize an independent cause of action for civil conspiracy, adjudication of plaintiffs' conspiracy claim, as asserted in plaintiffs' original complaint, necessarily requires interpretation of FERPA. See Shope v. Boyer, 268 N.C. 401, 405 (1966) ("In civil conspiracy, recovery must be on the basis of sufficiently alleged wrongful acts."). To support their position, defendants cite Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536 (8th Cir. 1996).  In Gaming Corp., the Eighth Circuit held that removal based on federal question jurisdiction was proper where a federal law was the sole basis for a state conspiracy

6

claim. 88 F.3d at 551. Defendants reliance on Gaming Corp., however, appears to be based on the erroneous belief that plaintiffs' original complaint asserts four separate conspiracy claims. In their original complaint, plaintiffs asserted only one conspiracy claim and violation of FERPA is just one of several wrongful acts alleged to support that claim. Since FERPA is not the sole basis for plaintiffs' conspiracy claim, the claim does not "arise under federal law for purposes of § 1331." Dixon, 369 F.3d at 817.

Reasons for doubting jurisdiction over the original complaint apply with equal, if not greater, force to the amended complaint. To the extent plaintiffs' amended complaint alleges defendants violated FERPA (Am. Compl. ¶ 121), that allegation is merely tangential to plaintiffs' enumerated state law claims. Unlike the claims asserted in the original complaint, the alleged violation of FERPA is not advanced as a basis for any claims asserted in the amended complaint. Therefore, like the original complaint, since none of the claims asserted in plaintiffs' amended complaint necessarily raise or depend on a question of federal law, this court is without subject matter jurisdiction to hear this case.

Having determined that this court lacks subject matter jurisdiction to hear plaintiffs' claims, it is not necessary to consider the parties' arguments relating to waiver. Since this action lacks a federal question, remand is proper.

**CONCLUSION**

Based on the foregoing, plaintiffs' motion to remand is GRANTED. (DE 23). The case is hereby REMANDED to the Superior Court of Harnett County, North Carolina, for further proceedings. Where plaintiffs voluntarily abandoned their motion for Rule 11 sanctions, that motion is DENIED. As this court does not have subject matter jurisdiction over this action, all

7

pending motions shall be remanded with the body of the action. The clerk is DIRECTED to deliver a certified copy of this court's order, together with a copy of the court's final judgment via U.S. Mail to the Harnett County Clerk and then to CLOSE this case.

    SO ORDERED, this the 25th day of October, 2016.

                                                _____
                                                LOUISE W. FLANAGAN
                                                United States District Judge